In re CERTAIN CARRIERS REPRESENTED BY the EASTERN, WESTERN AND SOUTHEASTERN CARRIERS' CONFERENCE COMMITTEES, and Certain of Their Employees Represented by the Brotherhood of Locomotive Firemen and Enginemen, Order of Railway Conductors and Brakemen, Brotherhood of Railroad Trainmen, and the Switchmen's Union of North America.

Misc. No. 41–63.

United States District Court District of Columbia.
June 2, 1966.

Francis M. Shea and Richard T. Conway, Washington, D. C., for carriers.

Milton Kramer, Washington, D. C., and Russell B. Day, Cleveland, Ohio, for Brotherhood of Locomotive Firemen and Enginemen.

## OPINION

HOLTZOFF, District Judge.

By its decision of March 28, 1966, this Court ruled on a motion made by the Brotherhood of Locomotive Firemen and Enginemen that locomotive firemen who had claims for loss of wages or other forms of remuneration caused by failure to employ them on certain days because of violations of Arbitration Award 282, had a choice of remedies, either an administrative remedy prescribed by a collective bargaining agreement or by a judicial proceeding in this court or in other courts that have jurisdiction. The carriers involved in that motion have now move to amend the order so that it would provide, in effect, that if a claimant instituted an administrative remedy and abandoned it before the remedy was concluded, he may not then resort to a judicial remedy.

Obviously if a claimant had pursued the administrative remedy to the end, including an appeal to the special adjustment board, and had not prevailed, he would be barred from pursuing a judicial remedy. The question here presented is a narrow one. Suppose he abandons his administrative remedy in the course of pursuing it and before he reaches the consummation of that remedy, may he then resort to a judicial remedy.

It must be borne in mind that some of these claims arise out of what might be called a safety provision in Award 282. The basic background of those aspects of the Award which relate to dispensing with the use of firemen on most freight engines is that while two men are necessary in a locomotive cab, actually there were three men on freight engines, the third man being the head brakeman, and that one of them could be dispensed with and that was the fireman. There was a provision that in yard service engines could be operated without a fireman, provided they were equipped with a deadman's button.

Some of the claims involved in this motion arise out of the fact that on several occasions road engines were used in yard service without a fireman and, naturally, road engines were not equipped with deadman's buttons. Consequently, the claims of firemen, who would have been employed on those occasions, for the wages that they would have earned, although they are somewhat synthetic and artificial, are a means of enforcing or imposing a sanction on failure to comply with this provision, which has an aspect of safety. Other claims arise from failure to use firemen under circumstances where, perhaps, safety was not involved.

Counsel for the plaintiffs makes a very cogent argument, basing it on a line of cases arising out of collective bargaining agreements which provide for an administrative remedy. The decisions in question hold that even if there is a remedy by way of a judicial proceeding, once the claimant, that is, the employee, resorts to his administrative remedy he is bound to exhaust it. The situation here is different. These claims do not arise under a collective bargaining agreement. To be sure, this Court has held that the Arbitration Award—and it must be borne in mind that it was a compulsory arbitration prescribed by the Congress—had some of the same effects that

292

a collective bargaining agreement would have and that it created a new status by way of conditions of employment and so on, a status that cannot be changed except by recourse to the Railway Labor Act. But the Award had certain additional weight beyond that which would make it equal to a collective bargaining agreement. It was an award of a compulsory arbitration board, which was, in an action to impeach it, confirmed by this Court in a proceeding resulting in a judgment of this Court. It was because of this difference, in part, at least, that the Court held that the administrative remedy was not exclusive since the administative remedy applied to claims under collective bargaining agreements.

We then must resort to basic principles. There is indeed a doctrine known as election of remedies and there are cases that hold, in effect, that if there are two remedies and the claimant elects one, he may not thereafter abandon it and pursue another. But this is too broad a statement. The better doctrine is that election of remedies is binding only if the second remedy that is sought to be invoked is based on a theory that is irreconcilable with that upon which the first proceeding was founded. We have, of course, the familiar example of a person suing for rescission of a contract on the ground that it was obtained by fraud, who may not thereafter ratify the contract and sue for damages, the theory being that the second remedy is irreconcilable and inconsistent with the first.

If, however, the two remedies are not inconsistent and are not irreconcilable, the doctrine of election of remedies does not apply. This was held in a case decided many years ago by the Court of Appeals for the Second Circuit, Equitable Trust Co. of New York v. Connecticut Brass & Mfg. Corp., 10 F.2d 913. It may be noted that Judge Learned Hand

was a member of the panel that sat in that case and concurred in the decision. It seems to the Court that as a matter of pure theory of law, there is no inconsistency here and that therefore there should be no bar to pursuing the judicial remedy after abandoning the administrative remedy subsequent to its institution. The situation would be different if the administrative remedy had been pursued to the end and a definitive rejection of the claim had been reached.

But there are practical considerations here. There was a period of uncertainty during which a claimant could not be sure whether he had a judicial remedy or an administrative remedy or both. It was not unnatural for him to protect himself by filing a claim, in view of the fact that there was a sixty-day limitation upon the filing of claims. So, too, it must be borne in mind that these claims were not filed through lawyers. They were filed by employees, who are not legally trained.

It might be argued, of course, that there must be some time limitation. That was urged before this Court on a previous occasion. It seems to this Court that the Supreme Court has answered that question in a recent decision in which it held that the local statutes of limitations would apply to claims of employees, International Union, United Automobile, Aerospace etc. v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed. 192, decided on March 24, 1966.

In view of these considerations the Court reaches the conclusion that a claimant presenting a claim of the type involved in this motion for administrative consideration and who abandons his administrative remedy before it reaches a conclusion, is not barred from pursuing such judicial remedies as he may otherwise have.

The motion is denied.